IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02975-WYD-MEH

ISMAEL OMAR,

    Plaintiff,

v.

TERRY MAKETA, Sheriff (El Paso County),
TERI GOODALL, Under Sheriff (El Paso County), and
PAULA PRESLEY, Bureau Chief,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' "Motion to Dismiss Plaintiff's Complaint (Doc. No. 1) pursuant to Rule 12(b)(1) and (6) or in the Alternative Motion for Summary Judgment pursuant to Rule 56" [filed April 14, 2011; docket #32]. The matter is referred to this Court for recommendation. (Docket #33.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Defendants' motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

**BACKGROUND**

Plaintiff is a state prisoner incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Plaintiff initiated this lawsuit *pro se* on December 8, 2010, pursuant to 42 U.S.C. § 1983. Plaintiff challenges an institutional mailing policy implemented on August 3, 2010, limiting outgoing personal (not legal) correspondence sent by inmates to postcards available for purchase at the correctional facility's canteen. (Docket #1 at 4.) Plaintiff asserts this policy violates his First and Fourth Amendment rights, constitutes extortion, and has inflicted upon him emotional and mental anguish and distress. (*See* docket #1.) Plaintiff seeks money damages and injunctive relief. (*Id*. at 13.)

Defendants responded to Plaintiff's complaint with the motion at hand. Defendants assert that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defendants recognize that Plaintiff filed an initial grievance and a grievance appeal. (Docket #32 at 3-4.) However, the officer responding to the grievance appeal, Commander Mistretta, requested further information regarding the issues raised in the appeal. (*Id*. at 4.) Plaintiff did not respond to this request, thus Defendants contend Plaintiff abandoned the administrative process. Regarding the extortion claim, Defendants aver that Plaintiff did not comply with the Colorado Governmental Immunity Act, therefore this Court lacks subject matter jurisdiction over that claim. (*Id*. at 9.)

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

In response to Defendants' motion to dismiss, Plaintiff submitted an "affidavit of facts." (Docket #50.) Plaintiff attempts to reinforce the substantive issues presented in his complaint, but raises minimal argument regarding administrative exhaustion. Plaintiff alleges he did not abandon the process, but reasonably interpreted the response to his grievance appeal requesting more information as "a rhetorical statement." (*Id*. at 3.) Thus, Plaintiff asserts he completed available remedies. In any event, Plaintiff believes adequate remedies were not available, as the officials who reviewed the grievances lacked the authority to provide relief. (*Id*.) Plaintiff explains he was unaware of the notice obligations contained in the Colorado Governmental Immunity Act and asks for leniency as to this point. (*Id*. at 3-4.)

In reply, Defendants reiterate that Plaintiff must fully complete the exhaustion process, and Plaintiff failed to do so by not responding to Commander Mistretta's request for more information in support of Plaintiff's grievance appeal. (Docket #51 at 3.) Defendants point out that Plaintiff fails to cite legal authority in support of his position that posing a rhetorical question would excuse Plaintiff from the administrative procedure. (*Id*. at 4.) Defendants suggest that Plaintiff conceded his non-compliance with the Colorado Governmental Immunity Act, thus his state-based claim should be dismissed for lack of subject matter jurisdiction.

## **STANDARD OF REVIEW**

**I.     Construction of *Pro Se* Pleadings**

As Plaintiff proceeds *pro se*, the Court must construe his "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**II.     Motion for Summary Judgment**

"The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (citations omitted).

Defendants titled their motion as a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, and in the alternative, a motion for summary judgment. Defendants included exhibits with their motion in support of their argument that Plaintiff failed to exhaust administrative remedies. Plaintiff did not include any evidentiary attachments with his response, but referenced Defendants' exhibits. Plaintiff attached three documents to his complaint: his initial and appeal grievances and one undated response to a grievance.

As Defendants' motion in large part is premised on Plaintiff's alleged failure to exhaust administrative remedies, the Court will treat the motion as a Rule 56 motion for summary judgment.

The Court does not believe it is necessary to have previously provided notice to the parties of its intent to adjudicate this motion under Rule 56, as the title of the motion provides notice to Plaintiff (and obviously, Defendants) that the motion could be treated as a motion for summary judgment. The Court will review the attachments to Plaintiff's complaint and Defendants' motion as proffered evidence.

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in the complaint, but must

respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington N. and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324) (emphasis added). The Court must view the record and draw "all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The El Paso County Criminal Justice Center enacted Grievance Procedures, which are stated in the Inmate Handbook. (Docket #32-3; docket #32-8 at 2, ¶ 6 (Affidavit of Commander Robert W. King ("King Aff.")).)

2. The grievance policy provides that an inmate must first attempt to resolve a complaint informally by requesting to speak to the ward deputy, and then by requesting to speak to the sergeant or shift supervisor. (*Id.* at 1,¶ A.1.)

3. If the complaint is not satisfactorily resolved informally, the policy provides that the inmate may file a formal complaint. (*Id.* at 1, ¶ A.1.c.) Jail staff must respond to a formal complaint within 10 working days. (*Id.* at 2, ¶ A.2.e.)

4. If the issue is still not redressed, the inmate is entitled to one level of appeal. (*Id.* at 2, ¶ A.2.g.) Jail staff are required to respond to the appeal within 10 days. (*Id.* at 2, ¶ A.2.h.)

5. The grievance policy mandates that "the details of the grievance should be specific, including the date, time and location of the incident or situation … and how the situation affected the inmate." (*Id.* at 2, ¶ A.2.d.)

6. On August 3, 2010, the El Paso County Criminal Justice Center implemented a postcard policy for outgoing inmate mail, providing "that all outgoing inmate mail would be restricted to postcards as opposed to allowing the inmates to write letters to be sent out in sealed envelopes." The policy prescribes certain exceptions to the postcard-only rule. (King Aff., docket #32-8 at 2, ¶¶ 3-4.)

7. On August 7, 2010, Plaintiff filed a grievance regarding the postcard policy. (Docket #1 at 15; docket #32-4.)

8. Lt. Heinle responded to Plaintiff's initial grievance with an undated typewritten statement explaining that the institution will adhere to the new postcard policy. (Docket #1 at 17; docket #32-5; docket #32-8 at 2, ¶ 9.)

9. On August 11, 2010, Plaintiff filed a second grievance appealing Lt. Heinle's denial of his first grievance. (Docket #1 at 16; docket #32-6.)

10. Commander Mistretta responded to Plaintiff's appeal grievance on August 13, 2010, stating: "Your grievance was not denied. Your request was denied. Your appeal states your Constitutional Rights are being violated. Please state what rights are being violated and the Statute." (*Id*.)

11. Correctional facility records do not indicate that Plaintiff responded to Commander Mistretta's request for additional information. (King Aff., docket #32-8 at 2, ¶¶ 11-12.)

12. The correctional facility concluded that Plaintiff's appeal grievance was not disposed of or denied and thus considered the matter not fully resolved. (*Id*. at 2, ¶ 12.)

## ANALYSIS

The PLRA prescribes the exhaustion of administrative remedies before an incarcerated person may bring an action concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Supreme Court determined that "exhaustion is mandatory under the PLRA and [ ] unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion of administrative remedies need not be pleaded in the complaint but must be raised as an affirmative defense. *Jones*, 549 U.S. at 216. The rules governing exhaustion are not articulated by the PLRA, but are defined by the respective prison's grievance process. *Id.* at 218. In order to "properly exhaust" in satisfaction of the PLRA's requirements, the plaintiff prisoner must comply with prison grievance procedures. *Id.* Therefore, according to *Jones*, claims that have not completed the prison grievance process may not be brought in federal court.

Here, the Court is unpersuaded by Plaintiff's assertion that he reasonably construed Commander Mistretta's response to his appeal grievance as rhetorical. The plain language of Commander Mistretta's response explains that the grievance is not denied, and the Court believes that no reasonable juror could find otherwise. Commander Mistretta's request for additional information is congruent with the Grievance Procedure's instruction that an inmate be specific in his or her allegations. Exhaustion is mandatory in the truest sense of the word; courts may not use their discretion to create exceptions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Even if permitted to do so, the Court declines to fashion an exception to the mandatory rule based on Plaintiff's unsupported proposal that a "rhetorical" question provides grounds for unilateral deviance from the prescribed exhaustion procedures.

Plaintiff's argument claiming that the officers responsible for reviewing his initial and appeal grievances cannot grant the relief requested, thus the adequacy of the process is suspect, is no more compelling. "A prisoner must now exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

The Court finds that Plaintiff fails to raise a genuine issue of material fact as to whether he fully exhausted administrative remedies, and Defendants meet their burden of demonstrating that he did not. Therefore, Defendants' motion should be granted, and Plaintiff's complaint should be dismissed without prejudice for failure to comply with the PLRA's exhaustion requirement.[2]

Regarding the state-based extortion claim, the Court suggests that the District Court decline to exercise supplemental jurisdiction over this claim, as the two Section 1983 claims should be dismissed for failure to exhaust. In any event, Plaintiff concedes he did not comply with the Colorado Governmental Immunity Act before making this claim, which provides a stand-alone basis for dismissal without prejudice.

## CONCLUSION

Accordingly, the Court **RECOMMENDS** that Defendants' "Motion to Dismiss Plaintiff's Complaint (Doc. No. 1) pursuant to Rule 12(b)(1) and (6) or in the Alternative Motion for Summary Judgement pursuant to Rule 56" [filed April 14, 2011; docket #32] be adjudicated pursuant to Rule 56 and be **GRANTED**.[3] Plaintiff's complaint should be dismissed without prejudice in its entirety

---

[2] The policy in question was implemented August 3, 2010. Section 1983 is governed by a two-year statute of limitations, *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006), thus at this time, the Court need not consider the effect of a dismissal without prejudice on Plaintiff's right to timely re-file.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings

due to Plaintiff's failure to exhaust administrative remedies as required by the PLRA.

The Final Pretrial Conference set for December 1, 2011, is hereby **vacated**. The parties shall file a status report within *five business days* of the District Court's ruling on this recommendation, indicating what changes in the scheduling order are needed, if any.

Respectfully entered and dated at Denver, Colorado, this 3rd day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).